JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

GREGG PARIS YATES #8225
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: Gregg.Yates@usdoj.gov

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

KRISHNA S. DIGHE Michigan #P45376
Senior Counsel, Environmental Crimes Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 305-1574
Email: Kris.Dighe@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 12 2021

at 2 o'clock and 00 min P M
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 21- |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | |
| U.S. DRY CLEANING CORP., | DATE: |
| | TIME: |
| | JUDGE: |
| Defendant. | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorneys, the United States Attorney for the District of Hawaii and the Environmental Crimes Section, Environment and Natural Resources Division, U.S. Department of Justice, and the defendant, U.S. DRY CLEANING CORP., and its attorney, William Shipley, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that it has been charged in an Information with violating Title 42, United States Code, Section 6928(d)(5), which is a criminal provision of the Resource Conservation and Recovery Act (RCRA).

2. The defendant has read the charge against it contained in the Information, and that charge has been fully explained to it by its attorney.

3. The defendant fully understands the nature and elements of the crime with which it has been charged. The elements of a violation of section 6928(d)(5) are:

a. The defendant is a person who

b. Knowingly

c. Transported or caused to be transported

d. A hazardous waste

e. Without a manifest, where one was required by the regulations.

## THE AGREEMENT

4. The defendant will enter a voluntary plea of guilty to the Information, which charges it with causing the transportation of hazardous waste without a manifest. In return, the government will not bring other potential charges arising out of the conduct set out in the Information.

5. The defendant enters this plea because it is in fact guilty of knowingly causing hazardous waste to be transported by another without a manifest from its place of business to another location, as charged in the Information. In addition, the defendant agrees that this plea is voluntary and not the result of force or threats. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Corporate Authorization. The defendant has proposed and the government has agreed that Kristina Hughes, Chief Executive Officer, will be the corporate officer that will enter the guilty plea and be present for sentencing on behalf of the defendant. The defendant represents that it is authorized to enter into this Plea Agreement. At the time of signing, the defendant shall provide to the United States a written corporate resolution, to be filed with the U.S. District

Court, in the form of notarized legal documents that certify that the defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement.

**PENALTIES**

7. The defendant understands that the penalties for the offense to which it is pleading guilty include:

a. A term of probation not to exceed five years; and

b. A fine of the larger of up to fifty thousand dollars per day of violation or five hundred thousand dollars.

c. In addition, the Court must impose a $400 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $400 for the count to which it is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

**FACTUAL STIPULATIONS**

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline, of what happened in relation to the charge to which the defendant is pleading guilty:

a. Defendant U.S. DRY CLEANING CORP. (USDC) owned and operated laundry and dry cleaning businesses throughout the country, including Young Laundry & Dry Cleaning (YLD), which it acquired as a subsidiary in 2005.

b. Through YLD, USDC had operations on Oahu, Hawaii. USDC operated approximately one dozen retail stores in Hawaii, and a central plant located at 1930 Auiki Street in Honolulu. USDC performed laundry and dry cleaning services for private and commercial customers.

c. USDC used the chemical perchloroethylene, a.k.a. tetrachloroethylene, a.k.a. "perc," in its YLD dry cleaning operations. Perc is a colorless liquid that is used primarily for dry cleaning fabrics and degreasing metals. It has been identified by the International Agency for Research on Cancer and the National Toxicology Program as a likely carcinogen. The U.S. Environmental Protection Agency (EPA) identifies waste perc as a hazardous waste.

d. By no later than June of 2016, corporate management at USDC was informed by USDC's regional manager for YLD about twenty-nine drums of waste perc that were stored on YLD property beyond the time limit specified by RCRA regulations. Most of the drums of waste perc stored at YLD had been there since 2013 and 2014. As such, the waste perc had been stored one or two years beyond the legal time limit for hazardous waste at a hazardous waste generating facility.

e. USDC's regional manager for YLD obtained estimates to hire a hazardous waste management company to transport and dispose of the waste perc, which ranged from $1,150 to $1,300 per drum.

f. USDC management did not provide the funds immediately, but suggested spending $1,000 per week over the course of eight months to dispose of the drums.

g. On November 22, 2016, a representative of the Hawaii Department of Health (DOH), which was authorized by the EPA to operate the RCRA program in Hawaii, conducted an inspection of YLD. DOH discovered thirty-five 55-gallon drums of waste perc stored at various locations on YLD property. These represented the original twenty-nine drums in addition to other drums that accumulated through regular operations. Most of the drums had

hazardous waste labels on them; several did not. Based on the accumulation dates on the drum labels, many had been stored in excess of the allowable storage period without a permit issued pursuant to RCRA. The label on one drum showed that it had been on site for 1,074 days. Later, the DOH inspector provided YLD with a list of qualified hazardous waste transporters.

h. On approximately November 29, 2016, USDC's regional manager for YLD hired an individual who had previously hauled scrap metal and performed other miscellaneous work for YLD to remove the waste perc from YLD. The individual hired was not on the DOH list of approved hazardous waste companies. He offered to remove all of the drums of perc for $500 per drum, which was less than half the cost of removal by qualified companies.

i. On approximately January 6, 2017, the transporter hired by USDC's regional manager for YLD hauled the waste perc from YLD to another non-permitted location in Honolulu without a hazardous waste manifest as required under RCRA. These manifests allow state and federal regulators to track hazardous waste from its point of origin to a final disposal or treatment site.

j. On approximately January 10, 2017, USDC paid the waste hauler $15,000.

k. Sometime after January 10, 2017, the DOH inspector asked USDC about the thirty-five drums and where they had been transported to.

l. On approximately February 9, 2017, an employee of USDC placed an order for blank hazardous waste manifests. The hazardous waste manifests were delivered to USDC's YLD offices on February 14, 2017.

m. Subsequently, a USDC employee and the individual who had transported the waste perc without a manifest filled out a hazardous waste manifest, which was signed and fraudulently backdated to January 10, 2017. The USDC employee then provided a copy of the backdated manifest to DOH.

9. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and United States Sentencing Guidelines (U.S.S.G.) § 6B1.4, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a. As of the date of this Agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit its involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.

b. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

c. Applicability of Sentencing Guidelines. The defendant understands and acknowledges that, at sentencing, the Court is required to consider the U.S.S.G., together with the other sentencing principles set forth in Title 18, United States Code, Section 3553(a). The defendant understands and acknowledges that the U.S.S.G., including Chapter Eight that provides guidance for the sentencing of corporate defendants, will be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the U.S.S.G. sections that pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes. Instead, the fine is to be determined under 18

U.S.C. §§ 3553 and 3571. All other sections of Chapter Eight of the U.S.S.G. that are applicable to corporate defendants are applicable to this case, including provisions for probation.

d. Sentencing Agreement. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and in return for the complete fulfillment by the defendant of all of its obligations under this Agreement, the Parties agree to recommend that the sentence to be imposed by the Court includes a total monetary penalty, plus a mandatory special assessment. The parties agree to a fine in an amount to be determined by the Court, after its consideration of the Presentence Investigation Report and input from the parties.

e. Publication. Furthermore, the parties agree that the defendant will publish after sentencing at its own expense two advertisements:

i. A full-page advertisement, as approved by the United States, in the laundry and dry cleaning trade journal, *Fabricare Magazine*, published by the Drycleaning and Laundry Institute, describing the nature of its violation, the nature of its plea, and the steps it has taken to prevent future violations; and

ii. A one-half page advertisement, as approved by the United States, in the Honolulu Star Advertiser, describing the nature of the violation, the nature of the plea, and apologizing to the citizens of Hawaii.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

**APPEAL/COLLATERAL REVIEW**

13. The defendant is aware that it has the right to appeal its conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, its conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The

defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a. The defendant also waives the right to challenge its conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

**FINANCIAL DISCLOSURE**

14. In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon it, the defendant agrees as follows:

a. The defendant agrees to fully disclose all assets in which it has any interest or over which it exercises control, directly or indirectly, including any assets held by a nominee or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event

giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

b. The defendant expressly authorizes the United States Attorney's Office to obtain its credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before making any transfer of an interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**IMPOSITION OF SENTENCE**

15. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant

agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the charge to which the defendant is agreeing to plead guilty adequately reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

**WAIVER OF TRIAL RIGHTS**

17. The defendant understands that by pleading guilty it surrenders certain rights, including the following:

a. If the defendant persisted in a plea of not guilty to the charges against it, then it would have the right to be indicted by a grand jury and the right to a public and speedy trial, all of which it waives. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a

jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict it unless, after hearing all the evidence, it was persuaded of its guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and its attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on its own behalf. If the witnesses for the defendant

would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

18. The defendant understands that by pleading guilty, it is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to it, and the consequences of the waiver of those rights.

**USE OF PLEA STATEMENTS**

19. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw its guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that it makes by signing this Agreement or that it makes while pleading guilty as set forth in this Agreement may be used against it in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those

circumstances, the United States may not use those statements of the defendant for any purpose.

20. The defendant understands that the prosecution will apprise the Court and the USPO of the nature, scope, and extent of the defendant's conduct as that conduct relates to: the charges against it, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. To become effective, this Agreement must be signed by all signatories listed below.

22. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED: Honolulu, Hawaii.

AGREED:

JUDITH A. PHILIPS
Acting U.S. Attorney
District of Hawaii

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

______________________
MICAH SMITH
Deputy Chief, Criminal Division

______________________
KRISHNA S. DIGHE
Senior Counsel
Environmental Crimes Section

______________________
GREGG PARIS YATES
Assistant U.S. Attorney

For the Defendant, U.S. Dry Cleaning Corp.:

I have been authorized by a corporate resolution of Defendant U.S. Dry Cleaning Corp. to sign this Plea Agreement. U.S. Dry Cleaning Corp. has been advised by its attorney of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Plea Agreement. U.S. Dry Cleaning Corp. voluntarily agrees to all of the terms of this Plea Agreement. No promises or inducements have been made to U.S. Dry Cleaning Corp. other than those contained in this Plea Agreement. Defendant U.S. Dry Cleaning Corp. is satisfied with the representation of its attorney in this matter.

Kristina L. Hughes
Kristina Hughes
CEO and Authorized Representative
U.S. Dry Cleaning Corp.

11/08/2021
Date

I am counsel for Defendant U.S. Dry Cleaning Corp. I have carefully discussed every part of this Plea Agreement the authorized representatives of Defendant. I have fully advised the authorized representatives of U.S. Dry Cleaning Corp. of its rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Plea Agreement. To my knowledge, the decision

of U.S. Dry Cleaning Corp. to enter into this Plea Agreement is informed and voluntary.

William Shipley
Counsel for U.S. Dry Cleaning Corp.

11/8/21
Date